1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL CHESS,

11             Plaintiff,                No. 2: 10-cv-1261 LKK KJN P

12        vs.

13   TOM FELKER, et al.,

14             Defendants.               <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20        Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1   make monthly payments of twenty percent of the preceding month's income credited to

2   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4   fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

22  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

23  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

25  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

26  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question,  id., and construe the pleading in the light

most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Named as defendants in plaintiff's complaint are Warden Felker, Correctional

Officer Quezada, Correctional Officer Wheeler, Deputy District Attorney Burns, Associate

Warden Gower, Captain Phillips and Chief of Appeals Grannis.

Plaintiff alleges that on May 13, 2008, he was placed in administrative

segregation based on unsubstantiated charges made against him by defendants Quezada and

Wheeler for conspiring to bring narcotics into the prison.  In conjunction with these charges, a

large amount of money was allegedly taken from plaintiff's bank account by defendants Quezada

and Gower.  Defendants Phillips and Grannis also allegedly endorsed the taking of these funds.

Plaintiff alleges that although he was exonerated of the charges, defendant Felker did not return

the money taken from his account.  Plaintiff also alleges that defendant Deputy District Attorney

Burns also was involved in the taking of his funds.  According to exhibits attached to the

complaint, the Lassen County Superior Court ordered the money to be seized from plaintiff's

bank account.  As relief, plaintiff seeks money damages as well as a return of the money taken

from his bank account.

Plaintiff alleges that the confiscation of his money by defendants violated his right

to due process.  The United States Supreme Court has held that "an unauthorized intentional

deprivation of property by a state employee does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

deprivations constitute actionable violations of the Due Process Clause.  An authorized

deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

1   Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

2   Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

3           Plaintiff has alleged an intentional and authorized taking of his money.

4   Accordingly, he has stated a colorable claim against defendants Felker, Gower, Quezada, Phillips

5   and Grannis.

6           While plaintiff alleges that defendant Wheeler falsely charged him with bringing

7   drugs into the prison, he does not claim that defendant Wheeler was involved in the taking of his

8   money.  An "inmate has no constitutionally guaranteed immunity from being falsely or wrongly

9   accused of conduct which may result in the deprivation of a protected liberty interest." Freeman

10  v. Rideout, 808 F.2d 949, 951 (2d Cir.1986).  An inmate who has been falsely accused can state a

11  constitutional claim if the filing of the false report was done in retaliation for the exercise of his

12  constitutional rights, see Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997), or the inmate is not

13  afforded the procedural due process safeguards required by  Wolff v. McDonnell, 418 U.S. 539

14  (1974).

15          Plaintiff does not allege that defendant Wheeler was motivated by retaliation

16  when he charged him with conspiring to bring drugs into the prison.  In addition, because the

17  charges were later dismissed plaintiff received all process he was due.  Accordingly, plaintiff has

18  not stated a colorable claim against defendant Wheeler based on his making allegedly false

19  charges against him.

20          As for defendant Deputy District Attorney Burns, the United States Supreme

21  Court explained in Imbler v. Pachtman, 424 U.S. 409, 424 (1976), "a prosecutor enjoys absolute

22  immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial

23  duties."  The "[f]iling charges and initiating prosecution are functions that are integral to a

24  prosecutor's work." Mishler v. Clift, 191 F.3d 998, 1008 (9th Cir. 1999).  Prosecutors have

25  immunity for their decisions about whether to prosecute a case.  Botello v. Gammick, 413 F.3d

26  971, 976 (9th Cir. 2005).

1    Plaintiff's claim against defendant Burns is based on defendant Burns'
2    involvement in the court action to seize the money from plaintiff's bank account.  Because
3    defendant Burns' involvement in the seizure was within the scope of his prosecutorial duties, he
4    is entitled to absolute immunity.

5    For the reasons stated above, the court finds that the complaint does not state a
6    cognizable claim against defendants Burns and Wheeler.  The claims against those defendants are
7    hereby dismissed with leave to amend.

8    Plaintiff may proceed forthwith to serve defendants Felker, Gower, Quezada,
9    Phillips and Grannis and pursue his claims against only those defendants, or he may delay
10   serving any defendant and attempt to state a cognizable claim against defendants Burns and
11   Wheeler.  If plaintiff elects to attempt to amend his complaint to state a cognizable claim against
12   defendants Burns and Wheeler, he has thirty days in which to do so.  He is not obligated to
13   amend his complaint.

14   If plaintiff elects to proceed forthwith against defendants Felker, Gower, Quezada,
15   Phillips and Grannis, against whom he has stated a potentially cognizable claim for relief, then
16   within thirty days he must return materials for service of process enclosed herewith.  In this event
17   the court will construe plaintiff's election as consent to dismissal of all claims against defendants
18   Burns and Wheeler without prejudice.

19   Any amended complaint must show the federal court has jurisdiction, the action is
20   brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It
21   must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
22   who personally participated in a substantial way in depriving plaintiff of a federal constitutional
23   right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
24   deprivation of a constitutional right if he does an act, participates in another's act or omits to
25   perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff
26   contends he was the victim of a conspiracy, he must identify the participants and allege their

1   agreement to deprive him of a specific federal constitutional right.

2          In an amended complaint, the allegations must be set forth in numbered

3   paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

4   single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

5   transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

6   10(b).

7          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

8   307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

9   any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

10  P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

11  be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

12  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

13  which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8. Plaintiff must

14  not include any preambles, introductions, argument, speeches, explanations, stories, griping,

15  vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

16  Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

17  violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

18  (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

19  prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

20  pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

21  many defendants with unexplained, tenuous or implausible connection to the alleged

22  constitutional injury, or joining a series of unrelated claims against many defendants, very likely

23  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

24  plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

25          An amended complaint must be complete in itself without reference to any prior

26  pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

1   files an amended complaint, the original pleading is superseded.

2          By signing an amended complaint, plaintiff certifies he has made reasonable

3   inquiry and has evidentiary support for his allegations, and for violation of this rule the court may

4   impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

5          A prisoner may bring no § 1983 action until he has exhausted such administrative

6   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth

7   v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any

8   departmental decision, action, condition, or policy which they can demonstrate as having an

9   adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be

10  presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

11  "action requested."  Therefore, this court ordinarily will review only claims against prison

12  officials within the scope of the problem reported in a CDC form 602 or an interview or claims

13  that were or should have been uncovered in the review promised by the department.  Plaintiff is

14  further admonished that by signing an amended complaint he certifies his claims are warranted

15  by existing law, including the law that he exhaust administrative remedies, and that for violation

16  of this rule plaintiff risks dismissal of his entire action.

17         Accordingly, IT IS HEREBY ORDERED that:

18         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

20  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22  Director of the California Department of Corrections and Rehabilitation filed concurrently

23  herewith.

24         3.  Claims against defendants Wheeler and Burns are dismissed with leave to

25  amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt

26  to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his

1   complaint.

2          4.  The allegations in the pleading are sufficient at least to state potentially

3   cognizable claims against defendants Felker, Gower, Quezada, Phillips and Grannis.  See 28

4   U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank

5   summons, a copy of the complaint filed May 24, 2010, 5 USM-285 forms and instructions for

6   service of process on defendants Felker, Gower, Quezada, Phillips and Grannis.  Within thirty

7   days of service of this order plaintiff may return the attached Notice of Submission of Documents

8   with the completed summons, the completed USM-285 forms, and 6 copies of the endorsed May

9   24, 2010 complaint.  The court will transmit them to the United States Marshal for service of

10  process pursuant to Fed. R. Civ. P. 4.  Defendants Felker, Gower, Quezada, Phillips and Grannis

11  will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.

12  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent

13  to an order dismissing his defective claims against defendants Wheeler and Burns without

14  prejudice.

15         5.  Failure to comply with this order will result in a recommendation that this

16  action be dismissed.

17  DATED:  July 9, 2010

18

19

20

21                                KENDALL J. NEWMAN
                                  UNITED STATES MAGISTRATE JUDGE
22  chess1261.14o

23

24

25

26

1

2

3

4

5

6                         IN THE UNITED STATES DISTRICT COURT

7                        FOR THE EASTERN DISTRICT OF CALIFORNIA

8   MICHAEL CHESS

9            Plaintiff,                    No. 2:10cv1261 KJN P

10           vs.

11  TOM FELKER, et al.,

12           Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

13  _____/

14       Plaintiff hereby submits the following documents in compliance with the court's order

15  filed in July 2010:

16            ___1___          completed summons form

17            _____           completed forms USM-285

18            _____           copies of the Complaint

19

20  _____ Plaintiff consents to the dismissal of defendants Wheeler and Burns without prejudice.

21       OR

22  _____ Plaintiff opts to file a first amended complaint and delay service of process.

23

24  Dated:

25

26                                    _____
                                              Plaintiff